UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTO E. ROQUE, JR.                                CIVIL ACTION

VERSUS                                             NO: 13-434

AT&T'S INC., ET AL.                                SECTION: "R"(3)


**ORDER AND REASONS**

Before the Court is defendants' Motion to Dismiss Pursuant to Rule 12(b).[1] For the following reasons, the Court GRANTS defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

**I. LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is

---

[1]   R. Doc. 17.

[2]   Because the Court determines that this suit should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, the Court need not reach defendants' arguments for dismissal under Rule 12(b)(2) for lack of personal jurisdiction or under Rule 12(b)(5) for insufficiency of service of process. *See Bova v. Pipefitters & Plumbers Local 60, AFL-CIO*, 554 F.2d 226, 227-28 & n.7 (5th Cir. 1977) (concluding that, because plaintiff failed to state a claim on which relief could be granted, it was "unnecessary to decide whether several of the defendants were properly subjected to the personal jurisdiction of the district court"); *Harris v. Holder*, 885 F. Supp. 2d 390, 396 n.4 (D.D.C. 2012) (declining to address defendants' motions to dismiss under Rules 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(5) because the complaint failed to state a claim on upon which relief could be granted).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above a speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

Courts construe briefs submitted by *pro se* litigants liberally and "apply less stringent standards to parties

proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). But a court will not "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred,* 353 F. App'x 949, 951–52 (5th Cir. 2009).

**II. DISCUSSION**

The basis of this suit is not entirely clear from plaintiff's filings. It appears, based on the complaint and attached exhibit, that the alleged harm occurred when plaintiff's appeal before the Louisiana Department of Children and Family Services was dismissed.[3] The appeal was to be held by telephone conference, but plaintiff did not participate because of connection problems with the teleconferencing service.[4] Because his appeal was dismissed, plaintiff allegedly suffered a loss of program benefits, emotional distress, and physical injuries.[5]

In his complaint, plaintiff alludes to 47 U.S.C. § 225 (part of Title IV of the Americans With Disabilities Act) and the Civil Rights Act of 1991, apparently contending that defendants

---

[3] *See, e.g.*, R. Doc. 1 at 4; R. Doc. 1-1 at 5 (ALJ order terminating plaintiff's case before the Department because plaintiff "failed to appear for the Fair Hearing").

[4] R. Doc. 1 at 3-4.

[5] R. Doc. 1 at 7-8.

violated both statutes.[6] Title IV of the ADA requires common carriers to follow federal regulations that are designed to ensure that individuals who are "deaf, hard of hearing, deaf-blind, or who ha[ve] a speech disability" have the ability to "engage in communication by wire or radio . . . in a manner that is functionally equivalent to the ability" of a non-disabled person to engage in such communication. 47 U.S.C. § 225. The Civil Rights Act of 1991 is aimed specifically at preventing employment discrimination and more generally at ensuring the effectiveness of federal civil rights protections. *See* Civil Rights Act of 1991, Pub. L. No. 102-166, § 2, 105 Stat. 1071, 1071 (1991).

Plaintiff has failed to state a claim upon which relief can be granted. The complaint contains no facts showing that defendants violated either the ADA or the Civil Rights Act. *Cf. Iqbal*, 556 U.S. at 678 (to survive motion to dismiss, complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Plaintiff does not allege that he is disabled, that he is a member of a protected class within the meaning of the federal civil rights laws, that his civil rights were violated, or that he and defendant had an employment relationship. These omissions are fatal to plaintiff's claims.

---

[6] *See* R. Doc. 1 at 2.

*See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (complaint in employment discrimination action must give defendant "fair notice of the basis for [plaintiff's] claims"); *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 297 (5th Cir. 2012) (plaintiff suing under the ADA must, at a minimum, allege that the plaintiff is disabled within the meaning of that statute). Indeed, plaintiff has failed to explain how defendant is responsible for the harm he allegedly suffered. Some of the injuries alleged in the complaint have no evident connection to the failure of the teleconferencing service, much less to any act or omission on the part of defendant. Accordingly, plaintiff's suit must be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

New Orleans, Louisiana, this 23rd day of July, 2013.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE